UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**YALE L. BALCAR**  **PLAINTIFF**

v.  **CIVIL ACTION NO. 3:16CV-P54-CRS**

**WARDEN AARON SMITH** *et al.*  **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on initial review of Plaintiff Yale L. Balcar's *pro se* complaint pursuant to 28 U.S.C. § 1915A.  For the reasons that follow, the Court will dismiss a portion of the complaint, will allow the First Amendment legal-mail claim to proceed against Defendant Smith, and will allow Plaintiff an opportunity to amend the legal-mail claim.

### I. SUMMARY OF CLAIMS

Plaintiff is a convicted prisoner incarcerated at the Kentucky State Reformatory (KSR). He brings suit pursuant to 42 U.S.C. § 1983 against KSR Warden Aaron Smith and "All Mailroom Staff" in their individual and official capacities.  He alleges violations of the First Amendment, the Due Process and Equal Protection Clauses of the Fourteenth Amendment, and the Privileges and Immunities Clause of Article IV.

Plaintiff claims that he is being denied access to the courts because he is indigent and is being "denied indigent package Legal Materials like Legal Line Paper, PENS, Large Legal Envople, typewriters to mean to comply to Court Order, Free Postage Stamp, Free Copies for Legal Documents, and Notarial Services Free for Legal Authenticate."

Plaintiff also claims, "From Janaury of 2015 till now the Mail Rooms Staffs have open [his] Legal Mail going out and income and reading and copy Legal Mail for Warden Smith to Read."

Finally, Plaintiff claims, "Warden Smith will no alound for Grievance or Exhaustion of Remedies or Post-deprivation."

As relief, Plaintiff seeks compensatory and punitive damages and declaratory and injunctive relief.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take

all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.  ANALYSIS

#### A.  Official-Capacity Claims for Damages

Plaintiff sues Defendants in their official capacities.  "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Because Defendants are officers and employees of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky.  *See Kentucky v. Graham*, 473 U.S. at 166.  State officials sued in their official capacities for damages are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Thus, because Plaintiff seeks damages from state officers in their official capacities, he fails to allege cognizable claims against them under § 1983.  Additionally, the Eleventh Amendment acts as a bar to claims for damages against all Defendants in their official capacities.  *Kentucky v. Graham*, 473 U.S. at 169.  For these reasons, Plaintiff's official-capacity claims for damages against all Defendants will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief from Defendants who are immune from such relief.

### B. Access to Courts

Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Cox v. Jackson*, 579 F. Supp. 2d 831, 849 (E.D. Mich. 2008) ("'The right springs from the Due Process Clauses of the Fifth and Fourteenth Amendments and the right of petition found in the First Amendment," as well as from the Privileges and Immunities Clause of Article IV.") (citations omitted). "It is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents[,] with notarial services to authenticate them, and with stamps to mail them." *Bounds v. Smith*, 430 U.S. 817, 824-25 (1977). "This is not to say that economic factors may not be considered, for example, in choosing the methods used to provide meaningful access. But the cost of protecting a constitutional right cannot justify its total denial." *Id.* at 825. Meaningful access will vary with the circumstances, and officials are to be accorded discretion in determining how that right is to be administered. *Id.* at 830-31; *John L. v. Adams*, 969 F.2d 228, 233-34 (6th Cir. 1992). "The inquiry is [] whether law libraries or other forms of legal assistance are needed to give prisoners a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. at 825.

To state a claim for a denial of access to the courts, a prisoner will have to demonstrate actual prejudice to pending litigation that challenges his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996). That is, there must be an actual injury, and no actual injury occurs without a showing that such a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id.* at 356; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (stating that an inmate must show, "for example, that

the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim"). In addition, "only prisoners with non-frivolous underlying claims can have standing to litigate an access-to-courts action." *Hadix v. Johnson*, 182 F.3d 400 (6th Cir. 1999) (quoting *Lewis v. Casey*, 518 U.S. at 353 & n.3 ("Depriving someone of a frivolous claim, . . . deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions.")). "[T]he underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416.

Plaintiff has not shown any actual injury as a result of the alleged limited legal resources at KSR as he fails to allege that any non-frivolous claim has been lost or rejected or that any non-frivolous, pending claim is unable to be presented. Moreover, the Court's records reveals that Plaintiff has four civil-rights cases pending in this Court[1] and has been able to file numerous documents in each case. For these reasons, Plaintiff has failed to present a viable constitutional claim of denied access to courts.

### C. Grievance

Plaintiff claims, "Warden Smith will no alound for Grievance or Exhaustion of Remedies or Post-deprivation." Prisoners, however, do not possess a constitutional right to a prison grievance proceeding, *see Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Spencer v. Moore*, 638 F. Supp. 315 (E.D. Mo. 1986); *O'Bryan v. County of Saganaw*, 437 F. Supp. 582, 601 (E.D. Mich.

---

[1] *See* Civil Action Nos. 3:15CV-P118-DJH; 3:16CV-P1-DJH; 3:16CV-P54-CRS; and 3:16CV-P428-DJH.

1977), and state law does not create a liberty interest in grievance proceedings. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983); *Corn v. Lewis*, No. 92-0098, 1993 WL 210702, at *1 (6th Cir. June 15, 1993); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Furthermore, if the prison provides a grievance process, violations of its procedures do not rise to the level of a federal constitutional right, *Spencer v. Moore*, 638 F. Supp. at 316, and a plaintiff has no right to an effective grievance procedure. *See Ishaaq v. Compton*, 900 F. Supp. 935, 940-41 (W.D. Tenn. 1995); *Flowers v. Tate*, Nos. 90-3742, 90-3796, 1991 WL 22009 (6th Cir. Feb. 22, 1991). Plaintiff's allegation concerning grievances, therefore, does not give rise to a § 1983 claim, *see Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982), and that claim will be dismissed.

### D. Legal Mail

Plaintiff claims that "From Janaury of 2015 till now the Mail Rooms Staffs have open [his] Legal Mail going out and income and reading and copy Legal Mail for Warden Smith to Read."

In reading the complaint in a light most favorable to the unrepresented Plaintiff, the Court will allow this First Amendment claim to proceed against Defendant Warden Smith in his individual capacity for all relief and in his official capacity for equitable relief.

As to Defendant "All Mailroom Staff," Plaintiff indicates that "the Mail Rooms Staffs" have opened, read, and copied his legal mail. Plaintiff fails, however, to identify the individual(s) who allegedly engaged in this conduct or otherwise to put any specific individual on notice as to the allegations against them. For these reasons, Plaintiff has failed to plead sufficient facts to establish a claim against "All Mailroom Staff," and that claim, as written, must be dismissed. However, "under Rule 15(a) a district court can allow a plaintiff to amend his

complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). The Court will allow to amend his First Amendment claim related to his legal mail to name as Defendants in their individual capacity the specific person or persons who he claims opened and read his legal mail and copied it for Warden Smith to read and to describe the facts (including dates and specific instances) surrounding how each Defendant allegedly violated his rights.

## IV. ORDER

For the foregoing reasons,

**IT IS ORDERED** that the official-capacity claims for damages are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and § 1915A(b)(2) for seeking monetary relief from Defendants immune from such relief.

**IT IS ORDERED** that the denial-of-access-to-courts claims against all Defendants and the First Amendment legal mail claims against "All Mailroom Staff" are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED that the First Amendment legal mail claim shall proceed against Defendant Warden Smith in his individual capacity for all relief and in his official capacity for equitable relief**.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, Plaintiff may amend the complaint to name the person or persons allegedly involved in his legal mail claims; to sue them in their individual capacity; and to describe the facts surrounding each Defendant's involvement in the legal-mail claims. The Clerk of Court is **DIRECTED** to place the instant case number and "Amended" on a § 1983

complaint form and send it, along with four blank summons forms, to Plaintiff for his use should he wish to amend the complaint. The Court will conduct an initial review on the amended complaint pursuant to 28 U.S.C. § 1915A.

**Should Plaintiff file no amended complaint within 30 days, the Court will enter an order directing service on Defendant Warden Smith and setting scheduling deadlines**.

Date: September 9, 2016

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4411.005