UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**YALE L. BALCAR**                                                    **PLAINTIFF**

v.                                            **CIVIL ACTION NO. 3:16CV-P54-CRS**

**WARDEN AARON SMITH** *et al.*                            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

By prior Memorandum Opinion and Order screening Plaintiff Yale L. Balcar's *pro se* complaint pursuant to 28 U.S.C. § 1915A, the Court allowed the First Amendment legal-mail claim to proceed against Defendant Kentucky State Reformatory (KSR) Warden Aaron Smith in his individual capacity for all relief and in his official capacity for equitable relief; provided Plaintiff with 30 days within which to amend the legal-mail claim to name other persons allegedly involved therein; and dismissed all other claims. Plaintiff timely filed an amended complaint (DN 13), which the Court now will review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In the amended complaint, Plaintiff names the following KSR officers/employees as Defendants in both their individual and official capacities: Warden Smith; mailroom clerks Jennefer Parks and D. Airington; CTO Mrs. Horns; and U.A. John Grevious. Plaintiff claims that Defendants Smith, Horns, and Grevious denied him access to the courts at KSR. He further claims that since January 2015 Defendants Parks and Airington have opened and read his

incoming and outgoing legal mail and copied the legal mail for Defendant Smith to read. As relief, Plaintiff seeks damages and an injunction directing he be provided with free legal materials and access to court. The Court also construes his request for injunctive relief to include cessation of the opening, reading, and copying of his legal mail.

On initial review of the complaint, the Court dismissed Plaintiff's denial-of-access-to-courts claim because Plaintiff failed to show any actual injury as a result of the alleged limited legal resources at KSR. In the amended complaint, he alleges that he "almost had" another of his cases (3:15CV-P118-DJH) dismissed because "mailroom clerks did not send out a Pretrail Motion" to the Court. Review of that case reveals that the case was not dismissed but that the Court gave Plaintiff extra time to file his pretrial memorandum. Thus, Plaintiff has shown no actual injury to the litigation of his other case. Additionally in the amended complaint, Plaintiff alleges that there "was Injury to plaintiff case more than 6 times or more, Not getting his mail to the courts or receid legal mail from the courts." He again fails, however, to state an actual injury as he fails to allege facts showing that any non-frivolous claim has been lost or rejected or that any non-frivolous, pending claim is unable to be presented. *See Christopher v. Harbury*, 536 U.S. 403, 416 (2002) ("Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant."). For these reasons,

**IT IS ORDERED** that the denial-of-access-to-courts claim raised in the amended complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. **As no other claim remains against Defendants Horns and Grevious, the Clerk of Court is DIRECTED to terminate them from the docket of this action**.

As mentioned above, on initial review of the complaint, the Court allowed the First Amendment legal-mail claim to proceed against Defendant Smith. On review of the amended complaint,

**IT IS ORDERED** that the First Amendment legal-mail claims raised therein will proceed against Defendants Parks and Airington in their individual capacities for all relief and in their official capacities for equitable relief.[1] In allowing the First Amendment claims to continue, the Court passes no judgment on the merit and ultimate outcome of the case.

The Court will enter a separate Order Regarding Service and Scheduling Order to govern the development of the remaining claims.

Date: February 27, 2017

Charles R. Simpson III, Senior Judge
United States District Court

cc:  Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4411.005

---

[1] As the Court previously decided on initial review of the complaint, the official-capacity claims for damages are barred by Eleventh Amendment immunity and fail to state a claim upon which relief may be granted as state officials sued for such relief are not persons subject to suit under 42 U.S.C. § 1983.