UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**YALE L. BALCAR**                                                                                  **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 3:16-CV-P54-CRS**

**WARDEN AARON SMITH** *et al.*                                                    **DEFENDANTS**

## MEMORANDUM OPINION

By Order entered February 15, 2018 (DN 40), the Court provided the *pro se* Plaintiff with guidance in responding to a motion for summary judgment under Federal Rule of Civil Procedure 56 and attached the full text of that Rule. The Court further provided Plaintiff with an opportunity to provide a supplemental response, properly supported in accordance with Rule 56, to Defendants' motion for summary judgment (DN 34) within 30 days of entry of that Order.

Review of the docket sheet revealed that the copy of that Order sent to Plaintiff at the Kentucky State Reformatory was returned to the Court as undeliverable (DN 42). Plaintiff, however, filed notice of change of address indicating his release from incarceration (DN 41). The docket sheet indicated that a copy of the Court's Order was sent to Plaintiff at his new address of record but that Plaintiff failed to file a supplemental response. In light of Plaintiff's *pro se* status, the Court, by Order entered May 10, 2018 (DN 43), provided him with a final opportunity to file a supplemental response, properly supported as required by Rule 56, to Defendants' motion for summary judgment. The Court warned Plaintiff that should he fail a second time to file a properly supported supplemental response within 30 days from entry of that Order, the Court would presume that the released prisoner is no longer interested in prosecuting this action and would dismiss this action for failure to prosecute. The 30-day period has expired without any response by Plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of *pro se* litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because Plaintiff failed to comply with a straightforward Order of this Court, despite being warned that dismissal would occur without compliance, the Court concludes that Plaintiff has abandoned any interest in prosecuting this action. Therefore, this action will be dismissed by separate Order.

Date: June 27, 2018

                                          **Charles R. Simpson III, Senior Judge**
                                          **United States District Court**

cc:     Plaintiff, *pro se*
        Counsel of Record
4411.005